**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50588 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01045-DSF-1 |
| v. | |
| EMMANUEL IFECHUKWU ONWUZULIKE, AKA Emmanuel I. Onwuzulike, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 4, 2012
Pasadena, California

Before: TROTT and THOMAS, Circuit Judges, and SEEBORG, District Judge.**

Emmanuel Ifechukwu Onwuzulike appeals the sentence and restitution order

imposed by the district court following his guilty plea to one count of mail fraud,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Richard Seeborg, District Judge for the U.S. District
Court for Northern California, sitting by designation.

under 18 U.S.C. § 1341, arising from his involvement in a fraudulent lottery scheme. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The district court did not err by enhancing Onwuzulike's sentence under the Sentencing Guidelines for loss amount, number of victims, or obstruction of justice. We review the district court's interpretation of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Laurienti*, 611 F.3d 530, 551-52 (9th Cir. 2010).

A

The district court did not clearly err by determining that the loss amount exceeded $2.5 million. The sentencing guidelines allow the district court to "make a reasonable estimate of the loss" in a fraud case. U.S.S.G. § 2B1.1 cmt. n.3(C). The court "'need not make its loss calculation with absolute precision; rather, it need only make a reasonable estimate of the loss based on the available information.'" *Laurienti*, 611 F.3d at 558 (quoting *United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007)). The district court's conclusion was supported by a declaration from an investigative accountant, who determined that Onwuzulike's domestic victims transferred a total of $2,919,258.79 into Onwuzulike's bank

accounts. The government's accountant analyzed bank records of Onwuzulike's accounts, and she did not use an improper, statistically unreliable sample to determine the total loss amount. *United States v. Culps*, 300 F.3d 1069, 1078 (9th Cir. 2002). The district court reasonably determined that the victims' transfers to Onwuzulike's bank accounts were fraudulently induced because there was no other plausible explanation for the transfers. *United States v. Amlani*, 111 F.3d 705, 719 (9th Cir. 1997).

B

The district court did not clearly err by determining that there were fifty or more victims of Onwuzulike's fraudulent scheme. The government submitted a victim list from the investigative accountant that included more than fifty victims and listed their individual losses. Given this submission and the totality of the evidence, the district court reasonably concluded that the people on the list who sent money to Onwuzulike were actually victims.

C

The district court did not clearly err by determining that the obstruction of justice enhancement was appropriate. Under the Sentencing Guidelines, a district court may impose a two-level enhancement on a defendant who "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of

justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Application Note 4(d) specifies that "destroying or concealing . . . evidence that is material to an official investigation" is an example of conduct covered under this enhancement. In this case, the London Metropolitan Police Service arrested Onwuzulike and provided him with written notice that it would be a violation of the law if he were to transfer any funds out of his bank accounts. After Onwuzulike was released, he withdrew approximately £110,000 from two bank accounts he controlled. The district court reasonably concluded that he obstructed justice by making such large withdrawals because, even if he had not received the notice, he knew that the money would be subject to forfeiture to repay his victims.

II

The district court did not err by ordering Onwuzulike to pay $3,965,909.97 in restitution as required by the Mandatory Victim Restitution Act of 1996 (MVRA). 18 U.S.C. §§ 3663A, 3664. We review a district court's factual findings regarding restitution for clear error and the legality of the restitution order *de novo*. *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008).

A

The district court did not clearly err by ordering Onwuzulike to pay $2,919,258.78 in restitution to his domestic victims. The MVRA requires courts to order restitution for crimes of violence and certain property offenses, including crimes of fraud. 18 U.S.C. § 3663A(a); (c). The government's accountant analyzed Onwuzulike's bank accounts and determined that Onwuzulike owed his domestic victims $2,919,258.78 in restitution. The accountant included only deposits originating from U.S. banks which were traceable to specific victims. The government also introduced affidavits from several of Onwuzulike's victims describing their financial losses as a result of Onwuzulike's fraudulent scheme. Onwuzulike did not provide a legitimate explanation for why any of the individuals that transferred him money did so other than in response to the fraudulent scheme. Thus, the district court did not clearly err by determining that these transfers were fraudulently induced and are subject to restitution.

B

The district court did not clearly err by ordering Onwuzulike to pay $1,046,651.69 in restitution to his foreign victims. The government's investigative accountant prepared a list of foreign victims, which specified their individual losses, and she also submitted a declaration explaining how she determined these

losses. This evidence was similar to the evidence the government introduced to support its restitution order for Onwuzulike's domestic victims. And, as with his domestic victims, Onwuzulike did not provide a legitimate explanation for why his foreign victims would have transferred him this money. Thus, the district court reasonably determined that these transfers were fraudulently induced.

On appeal, Onwuzulike argues that the MVRA does not apply extraterritorially. Although we normally review a district court's interpretation of a statute *de novo*, we review this claim for plain error because it was not specifically raised in the district court. *United States v. Benny*, 786 F.2d 1410, 1417-18 (9th Cir. 1986). It is not "clear under current law" whether the MVRA applies extraterritorially, thus the district court did not plainly err even if it construed the MVRA in this way. *United States v. Olano*, 507 U.S. 725, 734 (1993).

III

Onwuzulike's sentence was not procedurally flawed or substantively unreasonable. The district court did not err procedurally. It correctly calculated the Sentencing Guidelines range; treated the guidelines as advisory; considered and explicitly referenced the 18 U.S.C. § 3553(a) sentencing factors on the record; adequately explained the sentence; and did not presume that the Guidelines range

was reasonable.  *United States v Blinkinsop,* 606 F.3d 1110, 1114 (9th Cir. 2010)

(citing *United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc)).

The district court did not err substantively because Onwuzulike's sentence

was sufficient, but not greater than necessary, to accomplish the sentencing goals

of § 3553(a).  *United States v. Crowe,* 563 F.3d 969, 977 n. 16 (9th Cir. 2009).


**AFFIRMED.**